UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 12-30164-RAL |
| | * | |
| Plaintiff, | * | OPINION AND ORDER |
| | * | DENYING DEFENDANT'S |
| vs. | * | MOTION TO DISMISS |
| | * | INDICTMENT AND MOTION |
| RANDY NEVER MISSES A SHOT, | * | TO DISMISS COUNT II OF |
| | * | INDICTMENT AND |
| Defendant. | * | AMENDING INDICTMENT |
| | * | |

## I. INTRODUCTION

On December 14, 2012, Defendant Randy Never Misses A Shot filed a Motion to Dismiss Indictment in this case. Doc. 25. On December 17, 2012, Never Misses A Shot filed a Motion to Dismiss Count II of the Indictment as Multiplicitous. Doc. 27. The Government filed a response to each motion on December 21, 2012. Doc. 29, Doc. 30.

Never Misses A Shot argues that under Federal Rule of Criminal Procedure 12(b)(3)(B) and the Ex Post Facto Clause of the United States Constitution, the entire indictment should be dismissed. Never Misses A Shot argues that Counts I and II include a sentencing enhancement as part of the charged offense and fail to specify the prior sex offense conviction. Never Misses A Shot argues that Counts III and IV do not allege criminal offenses, applying 18 U.S.C. § 2260A would violate the Ex Post Facto Clause, and that Count IV fails to allege essential facts of the statute it charges. Doc. 25. Never Misses A Shot also argues separately that Count II is multiplicious of Count I and therefore violates Never Misses A Shot's right to be free from double jeopardy. Doc. 27.

1

## II. FACTS

Never Misses A Shot is the sole defendant charged in a four count Sealed Indictment, Doc. 15, in this case. Count I charges:

> On or about between the 20th day of October, 2012, and the 21st day of October, 2012, at Rosebud, in Todd County, in Indian country, in the District of South Dakota, Randy Never Misses A Shot, an Indian, having a prior sex offense conviction, did knowingly engage in, and attempt to engage in, sexual contact with [LNMS], when [LNMS] was incapable of appraising the nature of the conduct and was physically incapable of declining participation in and communicating her unwillingness to engage in the sexual contact, that is, the intentional touching of her genitalia, groin, breasts, and inner thigh, with his hands and fingers, with the intent to abuse, humiliate, harass, and degrade [LNMS], and to arouse and gratify the sexual desire of Randy Never Misses A Shot, in violation of 18 U.S.C. §§ 1153, 2244(a)(2), 2246(3), and 2247.

Doc. 15 at 1. Count II charges:

> On or about between the 20th day of October, 2012, and the 21st day of October, 2012, at Rosebud, in Todd County, in Indian country, in the District of South Dakota, Randy Never Misses A Shot, an Indian, having a prior sex offense conviction, did knowingly engage in, and attempt to engage in, sexual contact with [LNMS], a minor who had attained the age of 12 years, but had not attained the age of 16 years, and who was at least 4 years younger than Randy Never Misses A Shot, that is, the intentional touching of her genitalia, groin, breasts, and inner thigh, with his hands and fingers, with the intent to abuse, humiliate, harass, and degrade [LNMS], and to arouse and gratify the sexual desire of Randy Never Misses A Shot, in violation of 18 U.S.C. §§ 1153, 2244(a)(3), 2246(3), and 2247.

Doc. 15 at 2. Count III charges:

> On or about between the 20th day of October, 2012, and the 21st day of October, 2012, at Rosebud, in Todd County, in the District of South Dakota, Randy Never Misses A Shot, an individual required by Federal or other law to register as a sex offender, committed a felony offense involving a minor, that is, Abusive Sexual Contact under 18 U.S.C. §§ 2244(a)(2), in violation of 18 U.S.C. § 2260A.

Doc. 15 at 2. Count IV charges:

> On or about between the 20th day of October, 2012, and the 21st day of October, 2012, at Rosebud, in Todd County, in the District of South Dakota, Randy Never Misses A Shot, an individual required by Federal or other law to register as a sex offender, committed a felony offense involving a minor, that is, Abusive Sexual Contact under 18 U.S.C. §§ 2244(a)(3), in violation of 18 U.S.C. § 2260 [sic].

Doc. 15 at 2-3. That same day, a Redacted Indictment was filed, which contained the same charges, but listed a violation of 18 U.S.C. § 2260A in Count IV, rather than a violation of 18 U.S.C. § 2260. Doc. 16.

### III. DISCUSSION

#### A. Whether to Dismiss Counts I and II for Inclusion of a Sentencing Enhancement Not an Element of the Offense and for Failure to Name the Prior Sex Offense Conviction

Never Misses A Shot seeks dismissal of Counts I and II alleging in part that Never Misses A Shot has a prior sex offense violation, because the prior sex offense violation is not an element of the crime charged and because the indictment fails to specify what the particular prior sex offense was. "An indictment must set forth each element of the crime that it charges." United States v. Resendiz-Ponce, 549 U.S. 102, 107 (2007) (citing Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998)). Under Rule 7(c)(1) of the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it (1) contains the elements of the charged offense and fairly informs the defendant of the charge against which he or she must defend and (2) enables him or her to plead double jeopardy as a bar to further prosecution." United States v. Stands, 105 F.3d 1565, 1575 (8th Cir. 1997) (citing United States v. Just, 74 F.3d 902, 903-04) (8th Cir. 1996)); see also Hamling v. United States,

3

418 U.S. 87, 117 (1974) ("[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.").

Counts I and II charge Never Misses A Shot with violations of 18 U.S.C. §§ 1153, 2244(a)(3), 2246(3), and 2247. 18 U.S.C. § 2247 is a sentencing enhancement statute that doubles the statutory maximums in certain circumstances. Section 2247 did not need to be included in the charging document because "allegations concerning adjustments under the sentencing guidelines need not be included in an indictment or submitted to a jury." United States v. Sherman, 440 F.3d 982, 986 (8th Cir. 2006) (citing United States v. Haack, 403 F.3d 997, 1003 (8th Cir. 2005)).

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). An enhancement based on a prior conviction need not go before the jury. Id.; Almendarez-Torres, 523 U.S. at 235. Even though the statutory maximum of a statute could be increased by proof of the existence of a prior predicate conviction, such a conviction would not constitute an element of the crime triggering a right to proof beyond a reasonable doubt before the jury. Apprendi, U.S. at 487-490. Section 2247 falls into the Almendarez-Torres exception to Apprendi and the prior conviction that increases Never Misses A Shot's potential punishment beyond the statutory maximum need not be proved beyond a reasonable doubt in front of a jury.

Because the fact of a prior conviction is a sentencing factor that need not be pled in an

4

indictment, or proved to a jury, at least one court has determined that "the copy of the indictment which accompanies the jurors to their deliberations should not include [prior conviction] language," and that, "as the fact of prior conviction is merely a sentencing factor, not an element of the offense, it is neither necessary nor appropriate for the United States to present to the jury evidence of the prior convictions." United States v. Batchelder, No. 305CR82-J, 2005 WL 3050472, at *2 (W.D. Ky. November 15, 2005). While the court in Batchelder determined that it was unnecessary to strike a prior conviction from the indictment, courts from other jurisdictions have granted motions to strike similar sentencing allegations, often without opposition from the Government. See United States v. Grieveson, 110 F.Supp.2d 880, 885 (S. D. Ind. 2000); United States v. Nwene, 20 F.Supp.2d 716, 723 (D.N.J. 1998); see also, United States v. Gondinez-Rabadan, 289 F.3d 630, 631 (9th Cir. 2002) (noting that the district court had granted the defendant's motion to strike as surplusage references to § 1326(b) and to the defendant's prior aggravated felonies); United States v. Rodriguez-Munguia, 1997 WL 329557, at *2 n.5 (10th Cir. 1997) (same); cf. United States v. Jones, 30 F. App'x 924, 925-26 (10th Cir. 2002) (finding that prior felony in indictment was surplusage and relevant only to sentencing). Similarly, in Sherman, the Eighth Circuit concluded that the inclusion in the indictment of allegations concerning sentencing adjustments under the Sentencing Guidelines was surplusage and that such matters need not be submitted to the jury. Sherman, 440 F.3d at 986 (citing United States v. Bates, 77 F.3d 1101, 1105 (8th Cir. 1996)); see also United States v. Valencia-Meraz, CRIM 06-82, 2006 WL 1704302, at *26 (D. Minn. May 10, 2006).

Evidence of prior convictions, though often relevant, is inherently prejudicial. See Old Chief v. United States, 519 U.S. 172, 180-182 (1997). The Federal Rules of Evidence, through

Rules 413 and 414, generally allow evidence of prior sex offenses to be admitted before the jury, decreasing the risk of prejudice from the inclusion of the sentencing enhancement in this indictment. However, because the inclusion of the alleged prior sex offense is surplusage in this indictment, this Court will strike the language "having a prior sex offense conviction" from both Counts I and II and will strike the reference to 18 U.S.C. § 2247 from both Counts I and II. Striking the offending language prevents any prejudice to Never Misses A Shot and cures his complaints both in regard to the additional language and in regard to the failure of the Government to specify the prior alleged sex offense conviction. This Court then will apply Rule 413 and 414 to determine if evidence of the prior sex offense is admissible.

**B. Whether Counts III and IV Allege Criminal Offenses**

Never Misses A Shot contends that Counts III and IV are flawed because 18 U.S.C. § 2260A is merely a sentencing enhancement and cannot be charged separately. 18 U.S.C. § 2260A reads:

> Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425, shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision.

Courts treat § 2260A either as a separate count or as a sentencing enhancement. In United States v. Laureys, 653 F.3d 27 (D.C. Cir. 2011), the defendant was not indicted for a violation of § 2260A, was convicted of two other crimes, and then received the ten-year sentencing enhancement under § 2260A. Id. at 30-31. However, nothing in the analysis of Laureys requires that § 2260A be applied only as a sentencing enhancement and as a separate crime that may be

6

included in an indictment. See id.

Recently, the Ninth Circuit vacated a sentencing enhancement under § 2260A, which was applied by the District Court, but was not tried before a jury. The Ninth Circuit held "the district court erred by usurping the jury's role in determining that [the defendant] violated 18 U.S.C. § 2260A—irrespective of whether Section 2260A defines a criminal offense or a sentencing enhancement." United States v. Walizer, 11-10304, 2012 WL 5505735, at *1 (9th Cir. Nov. 14, 2012). Other circuits have upheld convictions of § 2260A where § 2260A was indicted as a separate offense and then tried in front of a jury. United States v. Pavulak, 700 F.3d 651, 659, 675 (3d Cir. 2012) (upholding conviction of defendant for five counts, including one for a violation of § 2260A); United States v. Wellman, 663 F.3d 224, 232 (4th Cir. 2011) cert. denied, 132 S. Ct. 1945 (2012) (upholding conviction of defendant for three counts, including one for a violation of § 2260A).

The weight of authority supports indictment of a defendant for allegedly violating § 2260A as a separate count. In fact, some courts consider it a violation of a defendant's constitutional rights if the § 2260A sentencing enhancement is imposed by a court rather than imposed after a jury trial. See Walizer, 2012 WL 5505735, at *1; United States v. Carver, 348 F. App'x 449, 452 (11th Cir. 2009). This Court thinks it appropriate, however, in order to avoid any possibility that the jury might presume Never Misses A Shot to be guilty of Counts I and II because of his alleged status as a registered sex offender, to conduct the trial in two phases before the jury. If the jury convicts Never Misses A Shot on Counts I and II in phase one of the trial, the Government will be allowed to put on evidence of Never Misses A Shot's status as a registered sex offender, Never Misses A Shot may refute the evidence, and the jury can hear

7

additional argument and receive additional instructions on Count III and IV separately before deliberating on phase two of the trial.

## C. Whether Counts III and IV violate the Ex Post Facto Clause

Never Misses A Shot next argues that Counts III and IV violate the Ex Post Facto Clause because § 2260A was not in effect at the time that Never Misses A Shot committed his alleged prior sex offenses in 1987 and 1999. Doc. 25 at 5. Section 2260A became law on July 27, 2006. Never Misses A Shot views § 2260A as punishing his alleged prior sex offenses; the Government views § 2260A as punishing Never Misses A Shot's new alleged sex offense indicted in this case. The Eighth Circuit has stated:

> The ex post facto clause generally prohibits the retroactive application of a criminal statute that changes the legal consequences for a crime after it was committed. Two elements must be met before legislation violates the ex post facto clause: (1) the legislation in question must apply to events occurring before its enactment; and (2) the offender affected by the legislation must be disadvantaged. The ex post facto clause forbids the application of any law that increases punishment to preexisting criminal conduct.

United States v. Mueller, 661 F.3d 338, 345 (8th Cir. 2011) cert. denied, 132 S. Ct. 1951 (U.S. 2012) (internal quotations and citations omitted).

The Eighth Circuit has found that punishment related to sex offender status does not violate the Ex Post Facto Clause. In United States v. May, the Eighth Circuit held that "[s]ection 2250 punishes an individual for traveling in interstate commerce and failing to register. The statute does not punish an individual for previously being convicted of a sex crime." 535 F.3d 912, 920 (8th Cir. 2008) abrogated on other grounds by Reynolds v. United States, 132 S. Ct. 975, 181 L. Ed. 2d 935 (2012). Similarly, § 2260A punishes Never Misses A Shot for allegedly committing a sex crime while being required to register, but does not further punish Never

8

Misses A Shot for his previous conviction for a sex crime. The Ex Post Facto Clause does forbid the application of a law that increases punishment to preexisting criminal conduct; however, the punishment under § 2260A is not punishment for the preexisting criminal conduct, but rather the alleged conduct charged in the indictment. Mueller, 661 F.3d at 345.

**D. Whether Count IV Fails to Allege Essential Facts of the Statute it Charges**

Never Misses A Shot contends that Count IV does not allege the essential facts of the statute it charges. Count IV contains a typographical error and charges Never Misses A Shot with a violation of § 2260, not § 2260A. The Federal Rules of Criminal Procedure require that "[f]or each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). However, "[u]nless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction." Fed. R. Crim. P. 7(c)(2).

The Sealed Indictment, Doc. 15, and Redacted Indictment, Doc. 16, were both filed on November 6, 2012. The Sealed Indictment contains a typographical error in Count IV charging Never Misses A Shot with § 2260, but used language consistent with Never Misses A Shot's Indictment under § 2260A in Count III. The Redacted Indictment correctly lists the charging statute in Count III and Count IV as § 2260A. Because the defendant was not misled by the typographical error in the Sealed Indictment, and was thereby not prejudiced, an error in the citation is not a ground to dismiss the indictment. See Fed. R. Crim. P. 7(c)(2).

**E. Whether Count II is Multiplicious of Count I and Violates the Prohibition on Double Jeopardy**

Never Misses A Shot contends that Counts I and II charge Never Misses A Shot with the violation of two sections of one statute and that such charges are multiplicious in that both charge abusive sexual contact in violation of 18 U.S.C. § 2244(a). "An indictment is multiplicious when it charges a single offense in several counts." United States v. Wilkinson, 124 F.3d 971, 975 (8th Cir. 1997). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932); Wilkinson, 124 F.3d at 975. The Blockburger test is met "notwithstanding a substantial overlap in the proof offered to establish the crimes." Iannelli v. United States, 420 U.S. 770, 785 n.17 (1975); Wilkinson, 124 F.3d at 975.

Never Misses A Shot asserts that the two separate charges under § 2244(a) are akin to charges against a defendant for both being a felon in possession of a firearm and being a drug user in possession of a firearm based upon a single act of possession. Doc. 28 at 3; see United States v. Richardson, 439 F.3d 421 (8th Cir. 2006). However, the analysis from Richardson is not applicable to charges under § 2244(a). Section 2244(a) governs sexual conduct and defines several different types of prohibited sexual acts. There are five types of sexual abuse listed in § 2244(a) and Never Misses A Shot is charged with two of those: Count I charges a violation of § 2244(a)(2), which is the correlative of 18 U.S.C. § 2242, and Count II charges a violation of § 2244(a)(3), which is the correlative of 18 U.S.C. §2243(a). Section 2242 prohibits sexual abuse and § 2243(a) prohibits sexual abuse of a minor. Count I charges Never Misses A Shot with abusive sexual contact with someone incapable of consent, while Count II charges Never

Misses A Shot with abusive sexual contact of a minor.

Counts I and II are not multiplicitous as each requires proof of a fact which the other does not. See Blockburger, 284 U.S. at 304. Count I requires the Government to prove that the alleged victim was incapable of consent at the time of the alleged abusive sexual contact. See 18 U.S.C. § 2242(2). Count II requires that the alleged victim was a minor at the time of the alleged abusive sexual contact. See 18 U.S.C. § 2243(a). The Government will have to prove an act by Never Misses A Shot of abusive sexual contact for both Counts I and II; however, the Blockburger test is met even if there is substantial overlap in the proof required to establish both crimes. Wilkinson, 124 F.3d at 975. "Congress has made clear that 'sexual abuse' and 'sexual abuse of a minor' are distinct crimes with separate punishments by defining them to include different elements of proof." United States v. Tail, 459 F.3d 854, 861-62 (8th Cir. 2006). Although abusive sexual contact is entirely encompassed in § 2244, it cross-references multiple different code sections, which are all separate crimes. Therefore, the two types of abusive sexual conduct as charged in Counts I and II are not multiplicious and the prohibition against double jeopardy has not been violated in regard to Never Misses A Shot.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss Indictment, Doc. 25, is denied. It is further

ORDERED that Defendant's Motion to Dismiss Count II of Indictment, Doc. 27, is denied. It is further

ORDERED that Counts I and II of the indictment are amended by the striking of the

language alleging "having a prior sex offense conviction" from each count. It is further

ORDERED that Counts IV of the Sealed Indictment is amended by correction of typographical error, thereby changing reference to 18 U.S.C. § 2260 to 18 U.S.C. § 2260A, consistent with how the Redacted Indictment reads.

Dated January 7th, 2013.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE